HARRIS v. THE COLORADO TRADING AND TRANSFER COM-
PANY.

EXCEPTIONS.
An exception to the judgment is essential to obtain a review of the case
upon the testimony.

*Appeal from the County Court of El Paso County.*

Mr. J. E. ROCKWELL and Mr. G. W. MUSSER, for appel-
lant.

Messrs. BLACKMER & MCALLISTER, for appellee.

BISSELL, J., delivered the opinion of the court.

This appeal is prosecuted by Harris, who was an inter-
vener in a suit brought before a justice by The Colorado Trad-
ing & Transfer Company, against a firm doing business under
the name of The Princeton Grocery and Produce Company,
and originally composed of Martin, Smith and Howe.   Howe
went out of the firm prior to the suit, but the severance of
his connection is wholly immaterial.   It occurred about the
middle of April, 1894, and the business was continued by
Smith and Martin under the old firm name, to about the 1st
of May.   At this time the firm was considerably indebted to
divers wholesale dealers and grocers, and had contracted a
debt with Williams & Wood in Denver, amounting to about
$850, and one to the appellee for $218.93.   About the time
the debt to Williams & Wood was contracted, the appellant,
Harris, who represented that firm as a traveling salesman, in
writing guaranteed the payment of the debt.   There was no
evidence respecting the consideration for the guaranty, and
the fact of its existence is only stated as a part of the history
of the case.   Harris was related to one member of the firm,
and probably acted from a desire to aid his relative in estab-
lishing and building up a trade.   The firm became somewhat

embarrassed in the latter part of April, creditors were pressing
them for money, and it was arranged between Smith, Martin
and Harris that they should give to Harris a bill of sale for
the stock in trade, goods on hand and outstanding book ac-
counts, to secure him for the payment of the Williams &
Wood bill. The transaction is stated by Harris and some of
the witnesses as being a transfer for the purposes of provid-
ing for the guaranty and that debt, and the money which
Harris received would appear to have been turned over to
Williams & Wood in liquidation of the debt. This does
not bear on the question in controversy. The case was tried
before the justice, and Harris succeeded. It was then taken
by appeal to the county court, and the cause again tried to
the court without a jury. That court rendered a judgment
against Harris and in favor of the attaching creditors, hold-
ing the transfer invalid and the attaching creditors' rights
superior to those of Harris under his bill of sale. A bill of
exceptions was prepared and signed, but it contains no excep-
tion to the judgment entered.

The only question argued on this appeal and presented by
the briefs of counsel is as to the sufficiency of the change of
possession from the firm to Harris at the time it was at-
tempted to carry out the terms of the transfer and put Harris
in as the actual owner. The argument is to the proposition
that the evidence in the case clearly demonstrates that the
change of possession was such as the law requires to make
the transaction valid as against purchasers or attachment
creditors. Appellant's counsel insist that the transaction is
entirely valid under the various decisions of this state, and
that the court erred in holding the transfer fraudulent as
against creditors. It is the only question presented for our
consideration. As has already appeared from the suggestion
respecting the absence of an exception to the judgment, we
are precluded from considering this question. The evidence
is not before us, and we are not at liberty to examine it for
the purpose of determining whether we concur with the trial
court in its conclusions, or whether in our judgment the evi-

dence required a different judgment. The question has been so many times before both the appellate courts of the state, and the matter so thoroughly settled, that it is needless to cite the authorities which decide that an exception to the judgment must be saved in the bill in order to entitle us to review the case on the testimony. We are bound to assume there was evidence enough to justify the court in reaching its conclusion, and this the record shows, and we are not at liberty, on the basis of our own convictions respecting it, to reverse the judgment. We are very frank to say that we have examined the record, and while the matter is not free from difficulty, it presents no such case as must be made to warrant us in setting up our judgment against that of the trial court, who not only heard the evidence, but saw the witnesses and formed his own conclusion respecting their honesty and their good faith.

Our attention is called to no error which requires us to reverse the judgment, and it will be therefore affirmed.

*Affirmed.*